[Filed March 22, 1892.]

## STATE OF OREGON *v.* JOE DAY.

CRIMINAL LAW—INTIMIDATION OF WITNESS.—Before evidence can be received against a defendant in a criminal prosecution, of attempts to bribe or intimidate a witness for the state, the defendant must be shown to have authorized such attempts or be connected therewith.

Multnomah county: L. B. STEARNS, Judge.

Defendant appeals.    Reversed.

The defendant was jointly indicted with one Chung Foo, for being armed with a dangerous weapon, and assaulting Sue Bing therewith, and upon a separate trial was convicted, from which judgment of conviction this appeal was taken.

Upon the trial in the court below, the defendant sought to impeach the prosecuting witness Sue Bing, by making it

appear that upon a preliminary examination had in the police court of the city of Portland, he testified that he did not know who it was that shot him, but that he had been informed that he was shot by Joe Day and Chung Foo. For that purpose, defendant's counsel asked Sue Bing, on his cross-examination, a number of times if he did not so testify in the police court. He remained silent, failing to answer either of said questions. The court then repeated said questions to the witness a number of times with the same result. The record then recites: "Here the district attorney admitted that the complaining witness Sue Bing did so testify in the police court." After some further questions, the court propounded this question to the witness. "Did you testify,— didn't you swear before Judge Carey in the police court when you were examined in this case down there,— didn't you say before the police judge you didn't know who shot you?' Say yes or no." To which the witness answered, "Yes; I say I never see him before July second. I don't know him before that time." The court then repeated the question substantially, but failing to elicit an answer, he remarked to counsel: "You will have to ask the witness so he can understand your question." The district attorney then observed the reason he didn't testify in the police court was because he was afraid they would kill him, to which defendant's counsel objected, but did not take the ruling of the court upon the propriety of the district attorney's statement of the fact, nor was the same withdrawn. The witness continued: "At jail I tell Jack Rugg I was afraid; that is all." Question by the district attorney: "You no afraid now?" Answer—"They tell me they kill me and tell me to no tell who shoot me, and they say they give me eighty dollars not to tell who shoot me." Question by the district attorney: "Some one offered you eighty dollars if you would not say who shot you?" Answer—"Yes." Question by district attorney: "Can you tell who it was; what Chinaman it was?" Answer—"Yes." The witness here

pointed out a Chinamen in the court room who, he said, offered him eighty dollars not to testify against Joe Day and Chung Foo in this case. Question by the district attorney: "What is his name?" Answer—"Choo Doo." Question by the district attorney: "What company does he belong to?" Answer—"I don't know." This part of the examination does not appear to have been objected to.

Ju Guy, a witness for the defendant, testified that he was present in the police court and heard Sue Bing testify. Among other things, he said he did not know who shot him; he did not know Chung Foo or Joe Day shot him. He said he never saw these two men.

The defense also called W. T. Hume, deputy district attorney, who said he conducted the examination in the police court. His evidence as to what occurred in the police court was the same in substance as Ju Guy's. Upon cross-examination, the district attorney asked the witness the following question: "You may state, Mr. Hume, whether or not he appealed to you for protection?" To which question defendant's counsel objected, which objection being overruled, an exception was taken and the witness answered, "Yes, sir; he made certain statements to me; he laid the facts before me, and then said he was afraid to testify."

*H. E. McGinn,* for Appellant.

*T. A. Stephens,* district attorney, for Respondent.

Strahan, C. J.—Several points in the evidence are set out in the statement, which indicate pretty clearly the course pursued by the prosecution throughout the trial, but the only contention made by the appellant on the appeal is error by the court in permitting the deputy district attorney to answer the question propounded to him on his cross-examination by the state. By that question the witness was required to state whether or not Sue Bing appealed to him for protection. The witness said in answer: "Yes, sir; he made certain statements to me; he laid the facts

before me, and then said he was afraid to testify." It will be observed that by the question the witness is not required to state when or on what occasion, or under what circumstances this application for protection was made, nor against whom he was to be protected. The record does not disclose any threats or hostile movements on the part of the defendant, or any attempt to injure Sue Bing, and yet the case evidently went to the jury on the assumption that the defendant was in some way responsible for Bing's fears, when there is not a particle of evidence in the record tending to prove such fact or to justify such an inference. If the district attorney could have proven that the defendant attempted to bribe or to intimidate or to tamper with Sue Bing in any way so as to prevent him from testifying fully and freely upon the trial, such evidence would have been proper. It would have been competent, because from it the jury might have presumed that the evidence, if truly and freely given, would have been adverse to the party attempting to suppress it; but the simple fact that some one made the attempt without in any manner connecting the prisoner with such unlawful interference, is not enough. If the prisoner did not do it or authorize it, he is not responsible, and could not be prejudiced by such unlawful act. But in addition to this, no reason is perceived why the answer of the witness Hume is not within the rule of hearsay evidence referred to in *State* v. *Ah Lee*, 18 Or. 540. We fail to see on what rule of evidence the prisoner is to be affected or prejudiced by the solitary fact that the prosecuting witness told the deputy district attorney that he was afraid to testify. Why afraid? Not from any act or word of the defendant so far as the record discloses, and the record contains all the evidence given upon the trial.

For the reason indicated, the judgment must be reversed and a new trial awarded.