WILSON *v*. STATE OF INDIANA.

[No. 29,352. Filed January 30, 1957.]

*James G. Crenshaw* and *Wilbur F. Dassel,* both of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

ACHOR, C. J.—This is an appeal from a judgment of the Vanderburgh Circuit Court convicting appellant on two counts, the first being burglary, with intent to commit a felony, to-wit: rape, and the second, rape. Before arraignment, the public defender, appointed by the court, filed a petition under Chapter 124, Acts 1949 (being §9-3401, et seq., Burns' 1956 Repl.)[1] and asked the court to make a determination under that act as

---

1. The constitutionality of §9-3401, et seq., Burns' 1956 Repl. was not raised in the trial court nor has it been presented to this court by the parties to this appeal. Therefore, that issue is not considered in this case. See: *Wyatt* v. *State* (1956), 235 Ind. 300, 133 N. E. 2d 471.

to whether or not the accused was a criminally sexually psychopathic person. Such proceedings were had and, after hearing, the court, on April 20, 1955, found that the appellant was not a criminal sexual psychopathic person and entered judgment accordingly. Thereafter appellant waived arraignment and pleaded not guilty to such charge. A jury was waived and trial had, which resulted in a finding of guilty under each count of the affidavit and sentence was rendered accordingly. From this judgment appellant filed a motion for new trial on August 3, 1955, which was overruled on that date and this appeal followed.

The specific error assigned and ruled upon in this appeal is the finding and judgment of the court that "defendant is not a criminal sexual psychopathic person."

Two primary contentions are made by the state against this appeal: (1) That the appeal was not timely made and (2) that the decision, as to whether appellant was a criminally sexually psychopathic person, rested within the discretion of the court, and that the record does not disclose an abuse of that discretion.

First, appellee asserts that no issue is presented by the motion for a new trial filed in the criminal case, from which this appeal is taken, for the reason that the only grounds of the motion for a new trial discussed in the argument sections of appellant's brief are predicated upon the proceedings made and had under the provisions of Ch. 124 of the Acts of 1949, *supra*. Appellee asserts that the finding and judgment of the court that appellant was not a criminal sexual psychopathic person constituted a finding and judgment from which an appeal must be taken independent of the criminal action itself and that such appeal must be taken within the time and in the manner provided by law for appeals in criminal cases. Specifically, the state contends that

error, if any, as to the judgment that appellant was not a criminal sexual psychopathic person, must be presented by independent appeal within 90 days after such judgment, whereas, this appeal was not prosecuted for 105 days after the judgment of the court on that issue. In support of this position, appellant cites Section 9-3406, Burns' 1956 Repl., which provides: "An appeal *may* be taken from any final order or judgment of the court herein in the manner provided by law for appeals in criminal cases." (Our italics.) Rule 2-2 of this court provides that appeals shall be taken within 90 days.

However, we do not so construe the statute. These proceedings, we believe, are more analogous to proceedings in abatement in which the "final order or judgment" is in the nature of an interlocutory order and must relate to a primary cause of action.

We recognize that a judgment sustaining a plea in abatement constitutes a final adjudication of the whole matter and, therefore, from such final judgment the moving party can appeal. However, if, on the other hand, the finding is against a defendant on his plea in abatement, the ruling does not effect a final disposition of the case and, therefore, the right of appeal does not exist until a final adjudication has been had as to the case in chief. Under such circumstances the defendant is ordinarily required to proceed with the defense of his case in chief and may reserve the error in the overruling of his plea in abatement as a cause for appeal at the conclusion of the whole matter in event judgment is rendered against him.

Likewise, in this case, since the proceedings under consideration are in the nature of abatement, or avoidance of prosecution, except for §9-3406, *supra,* appellant would have had no right or duty to appeal from this ruling of the court until after a final adjudication of the case in chief. The question

presented is, does the statute make it mandatory that the appellant appeal from an adverse adjudication in these proceedings as "from any final order or judgment" in criminal cases? Although the statute (§9-3406, *supra*) by use of the word "may" makes it *permissible* for an accused to appeal from adverse order or judgment in these special proceedings, we find nothing in the statute which prohibits the accused from preserving the error of the court's decision in the proceedings and asserting such error as cause for a new trial at the conclusion of the entire case. Under the statute, it appears that either recourse is available to the accused. Therefore, we conclude that the ruling of the court that the accused "is not a criminally sexual psychopathic person" is an issue which may properly be assigned as cause for new trial at the conclusion of the case in chief and therefore presented to this court on appeal.

The remaining issue for consideration is whether the finding and judgment of the court that appellant was not a criminal sexual psychopathic person, constituted an abuse of discretion. The evidence upon this issue consisted solely of the testimony and written statements of two doctors appointed by the court, both of whom testified that, in their opinion, appellant was a criminal sexual psychopathic person. Appellant contends there is no evidence to the contrary and, therefore, that the finding of the court to the contrary constituted an abuse of discretion which is subject to review by this court.

This court has heretofore defined the exercise of discretion by the court upon this issue as follows:

". . . Very broad discretion is intended to be given the trial court and prosecuting attorney in the proceedings here in question, since no statutory limitations whatever are placed thereon.

". . . Discretion of this type is uncontrolled and beyond the review of an appellate court so long as

it is not arbitrary, capricious or influenced by fraud. Courts on review will not interfere unless there is a positive showing that fraud, prejudice or some other capricious action influenced the discretion exercised. . . ." *State ex rel. Savery, etc.* v. *Marion Cr. C. etc.* (1955), 234 Ind. 632, 637, 641, 642, 130 N. E. 2d 128.

What were the facts before the court upon the issue presented? It is true that both medical experts stated that, in their opinion, appellant is a criminal sexual psychopathic person, within the meaning of the law. However, the court was not bound by the conclusion of the medical experts. It was his right and duty to consider both the facts and the reasoning upon which these experts based their conclusions and to arrive at his own conclusion as to the physical condition and the legal status of the appellant. This conclusion involves two considerations, (1) the statutory definition of a "criminal sexual psychopathic person" and (2) the facts in evidence regarding appellant's condition. The statutory definition is as follows: "Any person over the age of sixteen (16) years who is suffering from a mental disorder and is not insane or feebleminded which mental disorder is coupled with criminal propensities to the commission of sex offenses, is hereby declared to be a criminal sexual phychopathic person." §9-3401, *supra.*

Heretofore this court, in construing the above statute, has stated:

"The act with which we are concerned providing for the examination and determination of whether or not persons charged with crimes are criminal sexual psychopaths, has not as its object the giving to such defendants a new defense similar to that of insanity. Such a proceeding may not be used as of right to avoid punishment by one legally sane and responsible for his acts." (Our italics.) *State ex rel. Savery etc.* v. *Marion Cr. C. etc., supra,* at p. 637.

There is no contention that appellant is not legally sane. Nor is there any question that his behavior was the result of a criminal propensity to commit sexual offenses. Therefore, the question with which we are here confronted is whether we can say, as a matter of law, that appellant suffered from a "mental disorder" because of which he was not responsible for his criminal sexual offenses. In other words, does the evidence lead to this single conclusion that appellant was *unable* to control his sexual desires and impulses because of a "mental disorder?" Do the facts in evidence and the reasoning of the experts lead solely to this conclusion?

One of the experts testified: "If one is a sexual psychopath he can be so dominated by sexual instinct he cannot control himself *or at least he doesn't* in spite of the intellectual knowledge that there is a possibility of punishment." Such a description of a criminal sexual psychopathic person admits the possibility that the offending party had mental capacity to and *could control* his sexual impulses, but nevertheless resorts to a criminal gratification of such impulses even though he had full knowledge of the hazards of punishment which exist by reason of the offense. The law is not designed to absolve such persons of the guilt of their crimes.

We next examine the evidence, to determine whether (notwithstanding the conclusions of the experts) there were facts from which the court might reasonably have concluded that appellant did, in fact, have such control over his sexual conduct that he was responsible for his acts. What is the history of appellant's sexual deviations? On a prior occasion, appellant was apprehended for window peeping. On another occasion he was apprehended for exposing himself to young girls. Earlier, on the night of his criminal assault, this assailant was hiding in some bushes and

accosted another woman as she was walking to her house. He "intended to attack her, but saw that she was old and ran."

Notwithstanding the conclusions of the medical experts, in the light of the above evidence, we cannot say, as a matter of law, that appellant suffered from a mental disorder of such severety that he *could not control* the gratification of his sexual impulses without resorting to criminal sexual offenses. On the contrary, the court might reasonably have concluded that appellant actually did control the gratification of his sexual impulses according to the circumstances in which he found himself, and that the fear of punishment did not serve as a deterrent to this particular crime because of the fact that he had been able to avoid punishment for his previous offenses.

We cannot say that appellant, although a sexual deviate, suffered from a mental disorder of such a degree that he was without responsibility for the rape with which he is charged and, therefore, that the judgment of the trial court, which determined that he was not a criminal sexual phychopathic person, was "arbitrary, capricious or influenced by fraud." Therefore, the finding of the court did not constitute an abuse of his discretion.

Judgment affirmed.

Arterburn, Bobbitt and Landis, JJ., concur.

Emmert, J., concurs with opinion.

### CONCURRING OPINION

EMMERT, J.—I concur in Chief Justice Achor's opinion that the trial court's judgment that appellant was not a criminal sexual psychopathic person may now be reviewed in the appeal from the final judgment. How-

ever, I believe the judgment should be affirmed for other reasons.

In *State ex rel. Savery etc.* v. *Criminal Court of Marion County* (1955), 234 Ind. 632, 130 N. E. 2d 128, a concurring opinion was based on the premise that Ch. 124 of the 1949 Acts, §§9-3401—9-3412, Burns' 1956 Replacement, is unconstitutional in its entirety, and that this court should properly notice it is void and not the law of this jurisdiction. As long as we fail to take judicial notice of the Constitution with reference to this Act we are going to have many appeals involving action by trial courts done without authority of law. The matter is of such grave importance that it should be decided by this court without waiting for it to be raised by counsel. I see no need of the public incurring further costs and expenses in appeals which may be avoided if we decide the Act is unconstitutional. For the reasons stated in the concurring opinion in the Savery case, the appellant had no rights under the criminal sexual psychopathic act, and the action of the trial court was clearly harmless.

NOTE.—Reported in 139 N. E. 2d 554.