John Calvin CANNON, Petitioner,

v.

Clarence T. GLADDEN, Warden of the Oregon State Penitentiary, Respondent.

No. 61-282.

United States District Court
D. Oregon.

March 28, 1962.

B. B. Bouneff, Portland, Or., for petitioner.

Harold W. Adams, Asst. Atty. Gen., Salem, Or., for respondent.

EAST, District Judge.

The petitioner seeks a writ of habeas corpus commanding his release from custody by the respondent, pursuant to the judgment of sentence dated April 27, 1954, later referred to.

On January 21, 1954, petitioner was convicted of the crime of rape upon a girl of the age of 14 years, and on that date the Circuit Court of the State of Oregon for Deschutes County sentenced the petitioner to serve not to exceed 20 years in the Oregon State Penitentiary. Thereafter, on January 25, 1954, the same court set aside the judgment of conviction and requested the Superintendent of the Oregon State Hospital to appoint a psychiatrist to examine the petitioner and report to the court, all as provided and in compliance with ORS §§ 137.112 and 137.113. Thereafter, such appointment and examination was made and the psychiatrist's report filed, and upon advice of the same to petitioner in open court on April 22, 1954, the petitioner "stated that he desired to discuss his case with an attorney" and was given leave time to consult with John M. Copenhaver, an attorney of Redmond, Oregon. On April 27, 1954, petitioner again appeared in open court, where the District Attorney reported that the petitioner had "decided that he did not wish to consult with an attorney regarding this case," whereupon the court asked petitioner "if it was his decision not to discuss his case with the attorney he had requested and he replied that it was" and he further "replied that he was" ready for further proceedings in the case. Whereupon, the court sentenced petitioner "to serve not to exceed twenty years in the Oregon State Penitentiary." Throughout the proceedings the petitioner, in open court, waived any presentence report or hearing.

The respondent has answered to an order of this Court to show cause why the requested writ should not issue.

Petitioner's two tenable grounds for relief are, briefly:

(1) That the petitioner was deprived of his Constitutional right to the benefit of counsel; and

(2) That the Court abused its discretion in the proceedings by accepting petitioner's plea of guilty.

Petitioner in his brief states:

"* * * After the submission of the report by the state psychiatrist, the trial judge must have realized that the petitioner did not have the intelligence and mental capacity at the time of the proceedings, to waive counsel, and counsel should have been appointed to advise petitioner prior to the sentencing on April 27, 1954, whether requested or not."

It appears from the record herein that heretofore the petitioner has had a full hearing in the Circuit Court of Oregon for Marion County upon his petition for a review of his sentence pursuant to the Oregon Post-Conviction Act § 138.510, 138.680, resulting adversely to petitioner. An appeal from this result to the Supreme Court was dismissed on November 28, 1960.

The psychiatrist's report herein states, *inter alia:*

"This man is quite dangerous to be at large. He is not at all responsible for his actions, but at the same time there is little, if anything that can be done either medically or psychiatrically to help him to become a stable individual. For his own protection and for the protection of

society, he should be confined in an institution until such time as he can be deemed safe to be at large. Inasmuch as he cannot be 'cured' by medical or psychiatric means in the present state of our knowledge and would not benefit from treatment at a hospital for the mentally ill, it would seem best that he be confined in the penitentiary for the maximum time allowable under the statutes, with the proviso that if at any time it would seem indicated that medical or psychiatric care would be of help to him, that he be transferred to an institution for the care and treatment of mental and neurological disorders. It would be well to send along his medical history when he is sent to the penitentiary."

ORS § 137.111 provides:

"After the presentence hearing and upon the consideration of the psychiatric report required by ORS 137.112 to 137.116, the court may, in its discretion, in lieu of any other sentence authorized by law for such crime, sentence any person convicted under ORS 163.210, 163.220, 163.-270, 167.035, 167.040 or 167.045 to an indeterminate term not exceeding the natural life of such person if:

"(1) The offense involved a child under the age of 16 years; and

"(2) The court finds that such person has a mental or emotional disturbance, deficiency or condition predisposing him to the commission of any crime punishable under ORS 163.210, 163.220, 163.270, 167.035, 167.040 or 167.045 to a degree rendering the person a menace to the health or safety of others."

It is self-evident from the sentence imposed that the court in its discretion did not elect to deal with the petitioner as a sexual psychopath but rather as an adult person duly convicted of the crime as charged in the information.

As to the court's discretion in these matters, see State v. McDaniels, 307 S.W. 2d 42, 46 (Mo.Ct.App.1957):

"We are unwilling to say that the trial court abused its discretion in ordering the defendant tried on the criminal charge. Even if the court had specifically found that the defendant was a sexual psychopath, nevertheless, it could order him tried criminally. This right of discretion partakes of the same right of discretion to parole a person after conviction. We know of no case in which an appellate court has held that a trial court's discretion to parole had been abused."

See, also Wilson v. State, 236 Ind. 278, 139 N.E.2d 554, at 556, 557 (1957):

" * * * It is true that both medical experts stated that, in their opinion, appellant is a criminal sexual psychopathic person, within the meaning of the law. However, the court was not bound by the conclusion of the medical experts. It was his right and duty to consider both the facts and the reasoning upon which these experts based their conclusions and to arrive at his own conclusion as to the physical condition and the legal status of the appellant. This conclusion involves two considerations, (1) the statutory definition of a 'criminal sexual psychopathic person' and (2) the facts in evidence regarding appellant's condition. * * * "

Next, dealing with petitioner's argument that the court in view of the psychiatrist's report acted arbitrarily in not finding petitioner incompetent, accepting petitioner's statement that he did not desire to be represented by counsel, and in allowing entry of his plea of guilty.

It is most difficult for a trial court to determine just when or when not to accept a defendant at his word as to his refusal of counsel. It is a matter that should be and is left to the judicious discretion of the court who has the "feel of

the situation" in its hands. ORS §§ 136.150 and 136.410, respectively, read:

"*Mental condition at time of trial.* If before or during the trial in any criminal case the court has reasonable ground to believe that the defendant, against whom an indictment has been found or an information filed, is insane or mentally defective to the extent that he is unable to understand the proceedings against him or to assist in his defense, the court shall immediately fix a time for a hearing to determine the defendant's mental condition. The court may appoint one or more disinterested qualified experts to examine the defendant with regard to his present mental condition and to testify at the hearing. Other evidence regarding the defendant's mental condition may be introduced at the hearing by either party."

"*Morbid propensity to commit prohibited act as a defense.* A morbid propensity to commit a prohibited act, existing in the mind of a person who is not shown to have been incapable of knowing the wrongfulness of the act, forms no defense to a prosecution for committing the act."

State v. Nelson, 162 Or. 430, 441, 92 P. 2d 182, 186 (1939), advises us:

"Whether there were reasonable grounds to believe that the defendant was insane, under chapter 293, Oregon Laws 1937 [now ORS 136.-410], was a question for the discretion of the trial court. State v. Peterson, 90 Wash. 479, 156 P. 542; People v. McElvaine, 125 N.Y. 596, 26 N.E. 929; State v. Stone, 111 Or. 227, 226 P. 430; 16 C.J. 789, 790, § 2015. There was no abuse of discretion on the part of the trial court to refuse to have a further hearing under the circumstances. * * * *"

So, I find here that there is no showing that in view of the psychiatric report the court was capricious or arbitrarily in-

different towards petitioner's Constitutional rights in its taking petitioner at his word. The trial court's discretion in letting petitioner's plea of guilty stand and taking petitioner at his word that he did not desire counsel cannot be disturbed.

Counsel for respondent is requested to submit appropriate order of dismissal of petitioner's petition and cause.