Argued March 8, affirmed April 24, 1968

STATE OF OREGON, *Respondent, v.*
CHARLES H. HAGGBLOM,
*Appellant.*
439 P. 2d 1019

*R. Dale Kneeland,* Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Presiding Justice, and SLOAN and DENECKE, Justices.

McALLISTER, J.

Defendant was charged with three related felonies committed in an armed assault and attempt to rape. He pleaded not guilty by reason of insanity, and was convicted by a jury. He appeals from concurent sentences of ten years on each count.

██ Defendant by his assignment of error urges that we require the state to prove beyond a reasonable doubt that the defendant was sane, and that we modify the M'Naghten rule as a test of responsibility in criminal cases. Defendant's first contention is foreclosed by ORS 136.390.① The M'Naghten rule question has been fully considered by our prior decisions, to which we adhere. *State v. Garver,* 190 Or 291, 298, 225 P2d 771, 27 ALR2d 105 (1950); *State v. Leland,* 190 Or 598, 638, 227 P2d 785 (1951), aff'd 343 US 790, 72 S Ct 1002, 96 LEd 1302, reh. den. 344 US 848, 73 S Ct 4, 97 LEd 659; *State v. Wallace,* 170 Or 60, 79, 131 P2d 222 (1942); *State v. Riley,* 147 Or 89, 100, 30 P2d 1041 (1934); *State v. Grayson,* 126 Or 560, 575, 270 P 404 (1928); *State v. Hassing,* 60 Or 81, 86, 118 P 195 (1911).

As stated recently in *State v. Schroeder,* 249 Or 469, 438 P2d 1023 (March 27, 1968), we think the advisability of modifying ORS 136.410② is a legislative question.

Affirmed.

---

① ORS 136.390 "When the commission of the act charged as a crime is proved and the defense sought to be established is the insanity of the defendant, the same must be proved by the preponderance of the evidence."

② ORS 136.410 "A morbid propensity to commit a prohibited act, existing in the mind of a person who is not shown to have been incapable of knowing the wrongfulness of the act, forms no defense to a prosecution for committing the act."