Argued March 19, affirmed May 28, 1970

STATE OF OREGON, *Respondent, v.*
RALPH MILES BOSTROM, *Appellant.*
469 P2d 645

*William G. Whitney,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant appeals from conviction of sodomy, ORS 167.040. Defendant pleaded not guilty and gave notice of his intent to rely on insanity as a defense. ORS 135.870. Preceding selection of a jury, the court heard testimony from defendant and two psychiatrists who had examined the defendant as a basis from which to determine whether the defendant understood the nature of the proceedings and was able to assist in his own defense. Then the court found "that this man does understand sufficiently the nature of the proceedings and is sufficiently able to assist * * * in his defense so that the trial should proceed." Defendant assigns this finding as error. However, the thrust of the argument in defendant's brief is that the court should not have applied the M'Naghten rule. The defendant confuses the rules applicable to defendant's mental condition at the time of offense as distinguished from his ability to understand the nature of the proceedings and his ability to aid in his defense.

> " 'The capacity to be tried,—which must exist at the time of the trial, differs from that for crime required when the wrongful act was done. If an indicted person is not sane, the court cannot go on with the case; or if he becomes insane after the trial commences, he can neither be sentenced, nor, if sentenced, punished, while his insanity continues.' 1 Bishop, Criminal Law (9th Ed.) 292, § 396." *State v. Henke*, 196 Wash 185, 82 P2d 544 (1938).

*Cannon v. Gladden*, 203 F Supp 504 (D Or 1962), aff'd 314 F2d 48 (9th Cir 1963).

ORS 136.160 provides the rule for the court to follow in determining the defendant's capacity at time of trial.

■ The trial court understood this and questioned Dr. Parvaresh, one of the psychiatrists who had examined defendant, specifically about "whether he now is in a mental condition so that he can proceed to trial. In order to do so, of course, the law defines that he must be able to understand the nature of the proceedings and also be able to assist in his defense * * *." The evidence supported the judge's determination that defendant should proceed to trial.

■ The court's instructions to the jury correctly stated the law as to insanity as a defense. It is this phase of the trial which defendant's argument attacks, and he specifically attacks ORS 136.410, which is a statutory application of the M'Naghten rule:

"A morbid propensity to commit a prohibited act, existing in the mind of a person who is not shown to have been incapable of knowing the wrongfulness of the act, forms no defense to a prosecution for commiting the act."

The most recent attack similar to that urged in this case on the M'Naghten rule was rejected by the Oregon Supreme Court in *State v. Haggblom*, 249 Or 676, 439 P2d 1019 (1968), where the court said at page 677:

"* * * The M'Naghten rule question has been fully considered by our prior decisions, to which we adhere. *State v. Garver*, 190 Or 291, 298, 225 P2d 771, 27 ALR2d 105 (1950); *State v. Leland*, 190 Or 598, 638, 227 P2d 785 (1951), aff'd 343 US 790, 72 S Ct 1002, 96 LEd 1302, reh. den. 344 US 848, 73 S Ct 4, 97 LEd 659; *State v. Wallace*, 170 Or 60, 79, 131 P2d 222 (1942); *State v. Riley*, 147 Or 89,

100, 30 P2d 1041 (1934); *State v. Grayson,* 126 Or 560, 575, 270 P 404 (1928); *State v. Hassing,* 60 Or 81, 86, 118 P 195 (1911).

"As stated recently in *State v. Schroeder,* 249 Or 469, 438 P2d 1023 (March 27, 1968), we think the advisability of modifying ORS 136.410 is a legislative question."

We are bound by this decision.

Affirmed.