Argued June 17, affirmed July 23, petition for rehearing denied
September 8, petition for review denied October 20, 1970

## STATE OF OREGON, *Respondent, v.* LARRY GEORGE LEMERY, *Appellant.*

473 P2d 146

*Paul N. Daigle*, Portland, argued the cause for appellant. With him on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

The defendant waived jury and was convicted by the court of armed robbery of the assistant manager of a savings and loan association. ORS 163.280. He had pleaded not guilty and gave notice of intention to prove insanity. ORS 135.870. The evidence shows that defendant made elaborate preparations for the robbery, used a gun, stole approximately $6,000 in the robbery, and made elaborate plans for escape, including theft of two automobiles, painting the second a different color. He flashed substantial parts of the stolen money at a bar and was entertaining a woman at the time he was arrested. A loaded gun was found in his hotel room and another was on his person. He made an apparent attempt to use the latter when he was arrested.

The psychiatrists' testimony diagnosed paranoid schizophrenia. Defendant had been hospitalized for the same mental illness within a year before commission of the crime. The two psychiatrists who testified were agreed that the crime was the product of the defendant's mental illness, and that he had and has delusions of grandeur. They agreed that in the commission of the crime he was seeking money to aid unfortunate people, but one of the psychiatrists pointed out that

when he obtained the money he was not carrying through with such intention.

Defendant's counsel urged the trial court to distinguish between one who would know the act he committed was legally wrong but because of an illness would be compelled to do so and would consider it morally right or justified. The court found, "he knew it was wrong legally and I believe he knew it was wrong from a moral standpoint. He may justify it in some ways. So I am compelled to find the defendant guilty of the charge."

The transcript indicates that the trial court was thoroughly briefed and familiar with insanity as a defense in Oregon. See *State v. Bostrom*, 2 Or App 466, 469 P2d 645 (1970); *State v. Haggblom*, 249 Or 676, 439 P2d 1019 (1968); *State v. Van Kleeck*, 248 Or 7, 432 P2d 173 (1967). In the latter case the court noted that all psychiatrists who testified agreed that the defendant was mentally ill when she committed her crime, and the court said that "The triers of fact * * * pursuant to the standard we have adhered to, found her legally responsible * * * The defendant's acts were products of a mental illness * * *." The conviction was affirmed.

In *State v. Sinclair*, 253 Or 453, 454 P2d 858 (1969), the defense was insanity. Six psychiatrists testified that the defendant was suffering from schizophrenia, paranoid type, and that the crime charged was a product of that illness, but disagreed to varying degrees on whether he knew the act was wrong. The trial court's finding of guilty was affirmed.

Thus, although mental illness may produce the thinking which leads a person into the commission of a crime, under the M'Naghten rule this alone is not

reason for holding a person free of legal responsibility. There was psychiatric testimony in the case at bar that the defendant knew the nature and quality of the act, that it was prohibited by law and that there was a penalty prescribed for it. From this evidence the court could justifiably find, as it did, that the defendant knew that the act was legally and morally wrong. The court was the trier of the facts and the standard of the M'Naghten test was adequately met by the evidence. The factual determination, as in *Van Kleeck* will not be disturbed on appeal. *State v. Schrager,* 250 Or 597, 443 P2d 630 (1968) ; *Miotke v. Gladden,* 250 Or 466, 443 P2d 617 (1968).

Affirmed.