WOLFE v. STATE OF INDIANA.

[No. 30,870. Filed September 23, 1966.]

*Lewis Davis*, of Indianapolis, for appellant.

*John J. Dillon*, Attorney General, and *Donald R. Ewers*, Assistant Attorney General, for appellee.

RAKESTRAW, C. J.—The appellant was charged by affidavit with the offense of sodomy upon his stepdaughter, a girl ten years of age. After a trial to the court without a jury, the appellant was convicted and was sentenced to the Indiana State Prison for a period of two to fourteen years. In his motion for new trial, his assignment of errors, and in his brief, the appellant argues first that the finding of the court was not sustained by sufficient evidence, and secondly that the trial court erred in not committing him to the Division of Mental Health under the criminal sexual psychopath statutes. Acts 1949, ch. 124, § 9-3401, et seq., p. 328, Burns 1956 Replacement (Cum. Supp.).

In order to determine the sufficiency of the evidence, it is necessary to set forth that evidence most favorable to the finding of the trial court. The stepdaughter testified that the appellant took her and her brothers to the barber college. They left the boys at the barber college, went back to the house, and the act of sodomy then took place. She further testified that the same thing had happened on other occasions. Her eight year old sister testified that on various occasions she had observed the act of sodomy between the appellant and the older sister, and that she herself had been sexually molested by the appellant on numerous occasions. Their mother testified to overhearing a telephone conversation in which the appellant admitted the offense. While the appellant denied the specific act to the police, he did admit to conduct

of a very suggestive nature, and requested that he be given a psychiatric examination.

Later, from the county jail, the appellant wrote a letter in which he in essence stated that he did not know whether he had committed the act or not.

There is considerable evidence that on some occasions the stepdaughters had given other stories—to defense counsel and to others. However, there is also testimony corroborated by others that the appellant had threatened the stepdaughters, telling them that they would be placed in the Girls' School unless they told the right story. There is also testimony from another witness, a former wife and present girl friend of the appellant, that the mother of the stepdaughters had made statements that she would get the appellant.

It is unquestioned that the credibility of the witnesses is for the court or jury trying the case, and that this court will not weigh the evidence on appeal. *Myers* v. *State* (1960), 240 Ind. 641, 168 N. E. 2d 220; *Myles* v. *State* (1955), 234 Ind. 129, 124 N. E. 2d 205.

From an examination of the transcript in this case, it is obvious that there was considerable conflict in the testimony. Some of the witnesses are directly contradictory. Under these circumstances, the trier of fact must attach great importance to the general appearance of the witnesses, the manner in which they testify, and the conviction or lack of conviction which their appearance and behavior engenders. These are factors which are not before us in the record. There is good reason for this court not to weigh conflicting evidence.

Taking only the evidence most favorable to the finding of the trial court, there is sufficient evidence to justify the finding of the trial court.

The appellant next maintains that the trial court should have committed him under the statutes concerning criminal sexual psychopathic persons.

In the preliminary proceedings, the appellant had entered a plea of insanity and had requested the trial court to have

the appellant examined to determine whether he was a criminal sexual psychopath. The court appointed two psychiatrists to examine the appellant. They made their report certifying that he was competent to stand trial and that he was not in their opinion a criminal sexual psychopath.

. During the trial, which was adjourned from time to time, the appellant was again examined by the psychiatrists. The psychiatrists testified at the trial, again saying that he was competent to stand trial and that he was sane. On cross-examination, they also testified that if all the matters involving the appellant which were presented in evidence were true, he would in their opinion be a criminal sexual psychopath. Based upon this testimony, the appellant urges that it was error for the court not to commit the appellant under Burns' Ind. Stat. Anno. § 9-3404 (1956 Repl.) (1966 Supp.), *supra*. The appellant argues that since the testimony of the doctors on the trial was that if the facts stated in the evidence are true the appellant would be a criminal sexual psychopath, the court was obligated either to find the appellant not guilty or to commit him as a criminal sexual psychopath.

The term "criminal sexual psychopath" is a legal term and not a psychiatric term. It is a term defined by statute. In practice the psychiatrists attempt to correlate their psychiatric concepts with this legal term in reaching conclusions. It is at best a rather vague and indefinite category for psychiatrists as well as for lawyers.

The statute itself leaves the final determination at all stages of the proceedings to the trial court. Under the statute, even if the final report from the Department of Mental Health concludes that a person is a criminal sexual psychopath, the court still finally determines this issue. Hence regardless of the testimony of the psychiatrists, it would not be binding on the trial court.

This court has previously held that the trial court has unrestricted discretion in the application of this statute and

544

that the action of the trial court will not be reviewed. *State ex rel. Savery etc. v. Marion Criminal Court, etc.* (1955), 234 Ind. 632, 130 N. E. 2d 128.

Since we find no error, the judgment of the trial court is affirmed.

Arterburn and Myers, JJ., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 219 N. E. 2d 807.