DONALD D. STILES *v.* STATE OF INDIANA.

[No. 1-273A23. Filed July 10, 1973. Rehearing denied August 14, 1973. Transfer denied October 9, 1973.]

*Ferdinand Samper, Sr., Ferd Samper, Jr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—Defendant-appellant (Stiles, hereafter) was convicted of rape by a jury on March 9, 1972. Thereafter a petition for examination as a possible criminal sexual deviant (CSD) was filed on behalf of Stiles by his brother. The Hendricks Circuit Court denied the petition, as well as a motion for continuance of sentencing. On March 27, 1972, as the result of an original action in the Indiana Supreme Court by Stiles, the trial court was ordered orally not to impose sentence. In a subsequent opinion the Supreme Court directed the court to sentence Stiles but to stay execution of the sentence pending the outcome of the CSD examination. The CSD examination was conducted by two court appointed physicians who found that Stiles was a probable CSD. On May 25, 1972, the following judgment was ordered:

"IT IS, THEREFORE, NOW ADJUDGED that for the offense by him committed the defendant be committed to

the custody of the Board of Corrections of the State of Indiana to be confined by them for a period of not less than two (2) nor more than twenty-one (21) years.

Pursuant to order of the Indiana Supreme Court, this Court now stays execution of this sentence and the defendant is remanded to the custody of the Sheriff of Hendricks County."

Stiles was thereafter committed to Norman Beatty Memorial Hospital for a period of one hundred days for observation and evaluation. A formal report of the staff of Norman Beatty Hospital was submitted to the trial court, recommending that:

"Although this man appears to have great rigidities and resistances to successful therapy, he believes himself to have a psychological disturbance involving sexuality and hence believes himself a criminal sexual deviant. He sincerely asks for help rather than for penal incarceration. It is recommended that he be adjudicated a CSD and returned to Beatty Memorial Hospital, the CSD unit, for treatment efforts."

Although the report concluded that Stiles was a CSD, it failed to state an opinion as to whether Stiles was treatable and the approximate length of time for such treatment as required by IC 35-11-3.1-14, Ind. Ann. Stat. § 9-4014 (Burns 1972 Supp.)

On October 17, 1972, the court, noting that the report did not recommend treatment, entered judgment of execution and committed Stiles to the Department of Corrections. On November 13, 1972, a letter dated October 16, 1972, from the staff Psychiatrist of Norman Beatty Hospital was filed with the court. The letter stated the following conclusion:

"Please be informed that it is the consensus of the staff of the Criminal Sexual Deviant program at Beatty Memorial Hospital that Mr. Stiles is a criminal sexual deviant and that there is a good possibility that he is treatable as such."

This communication was followed by a second letter, dated October 17, 1972, also filed with the court on November 13, 1972, which stated:

"It is anticipated that the approximate length of time for treatment for the above-named patient will extend over a period of many months. If twenty-four months of treatment effort for this case prove unavailing, then the patient will be returned to court according to the statute."

Thereafter Stiles filed a motion for relief of judgment under Trial Rule 60 alleging, among other things, that the deficiency in the initial report had been corrected and that the court, now having before it the necessary findings as required by the CSD statute, should vacate the judgment ordering execution of sentence. The court overruled the motion and indicated its reasons for so doing, as follows:

"(1) That the motion is not properly verified: (2) That the letters from the Norman Beatty Hospital were postmarked October 17, 1972, and were not received by this Court until after defendant had been properly committed and started serving his sentence; (3) That this Court has no authority after a defendant has commenced serving his sentence to change said sentence except within the narrow confines authorized by post conviction remedies under Supreme Court Rules of Procedure or IC 35-7-1-1; (4) That the commitment for treatment as a criminal sexual deviant is discretionary with the Court and not mandatory even though the State Board of Mental Health may recommend treatment as such."

Counsel for Stiles points out in his brief that he is treating the overruled motion for relief of judgment as a motion to correct errors, since the contents of the pleading encompassed all of the necessary elements of a motion to correct errors and was timely filed within thirty days after execution of judgment.

The substance of Stiles' argument on appeal is that the word "may", as used in IC 35-11-3.1-17, Ind. Ann. Stat. § 9-4017 (Burns 1972 Supp.) is mandatory under certain facts. Burns § 9-4017 reads:

"REPORT OF DEPARTMENT—Effect of conclusion of treatable sexual deviancy.—If the report of the department concludes that the alleged criminal sexual deviant is a criminal sexual deviant and is treatable, the court may

determine the question of criminal sexual deviancy in accordance with such findings and commit the person to the care of the department to be either confined in a state psychiatric institution or treated by an approved facility, consistent with the report."[1]

It is urged that the uncontroverted evidence of this case established that: (1) Stiles is a criminal sexual deviant; (2) that he is treatable, and (3) the length of the period of time for such treatment, and therefore the trial court was under a mandatory duty to commit Stiles to the care of the Department of Mental Health. Alternatively, it is argued that if the court finds that the word "may" as used in Burns § 9-4017 is not mandatory under any set of facts, but rather discretionary, then the trial court abused its discretion in failing to commit Stiles.

We are of the opinion that neither of these arguments presents this court with reversible error. In discussing a forerunner of the current CSD statute, Justice Arterburn held:

"We are not dealing here with a discretion in the sense used in granting or denying equitable relief or other similar remedies, where rules and limits in the exercise of judicial discretion have been formulated and defined by usage and practice. Discretionary action of a trial court is always reviewable in such cases, if there has been a subversion of a rule or principle which confers a right on a party. 5 C. J. S., Appeal and Error, § 1583, pp. 472-475; 3 Am. Jur., Appeal and Error, § 959, p. 525; Bowers, Judicial Discretion, § 10.

However, where as in this case the law grants discretionary action without placing any statutory or constitutional limits on the use of same, the intent is to give the broadest sphere of action. Discretion of this type is uncontrolled and beyond the review of an appellate court so long as it is not arbitrary, capricious or influenced by fraud. Courts on review will not interfere unless there is a positive showing that fraud, prejudice or some other capricious

1. The prior statute read: ". . . if such person is determined to be a criminal sexual psychopathic person, then the court shall commit such person to the Indiana Council for Mental Health, . . ." Ind. Ann. Stat. § 9-3405 (Burns 1956).

action influenced the discretion exercised. McFarlan v. Fowler Bank City Trust Co. (1937), 214 Ind. 10, 12 N.E.2d 752; Public Service Co. v. Tackett, Admr. (1943), 113 Ind. App. 307, 47 N.E.2d 851." *State ex rel. Savery etc.* v. *Marion Cr. C. etc.* (1955), 234 Ind. 632, at 642, 130 N.E.2d 128, at 133.

Justice Arterburn continues:

"The court, in the exercise of unrestricted discretion, may be influenced by public policy and factors outside the actual evidence presented." 234 Ind., at 642.

As previously noted, the General Assembly in the 1971 version amended the statute to use the word "may" in lieu of "shall". Since they did not place any restrictions upon the courts' discretion, it must be assumed that trial courts were vested with the same discretion as described in *Savery, supra.*

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 298 N.E.2d 19.