307 N.E.2d 891 (1974)
Randall BERWANGER, Defendant-Appellant,
v.
STATE of Indiana, Plaintiff-Appellee.
No. 2-773A154.
Court of Appeals of Indiana, Second District.
March 11, 1974.
Rehearing Denied April 15, 1974.
*893 Palmer K. Ward, Indianapolis, for defendant-appellant.
Theodore L. Sendak, Atty. Gen., A. Frank Gleaves, III Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.
SULLIVAN, Presiding Judge.
Appellant Berwanger was sentenced to imprisonment for not less than two nor more than twenty-one years following his plea of guilty to a reduced charge of rape of a person over the age of 12.
His appeal presents no question relative to the guilty plea or as to guilt itself. He complains only that the Court erroneously denied his Petition to be Declared a Sexual Deviant, which was filed the day following entry of the guilty plea but prior to sentencing.
Between the acceptance of the guilty plea and sentencing, the trial court pursuant to the Criminal Sexual Deviant statute, IC 35-11-3.1-1 et seq., Ind. Ann. Stat. § 9-4001 et seq. (Burns 1973 Supp.) appointed two qualified physicians to examine Berwanger and report the results of such examination to the Court. The Court also ordered, as required by the statute, that the probation department investigate the circumstances of the crime committed and the prior record and history of Berwanger. Appellant's counsel was not present during the examinations conducted by the court-appointed physicians.
Following receipt of the examiners' reports, neither of which concluded that Berwanger was a probable criminal sexual deviant, the trial court denied Berwanger's Criminal Sexual Deviant Petition and imposed the penal sanction of IC XX-XX-X-X, Ind. Ann. Stat. § 10-4201 (Burns 1956).
Appellant's assertions of error are confined to the following:
1. That since his counsel of record was not notified of the time and place of examination, he was denied the right to counsel afforded by IC 35-11-3.1-7, Ind. Ann. Stat. § 9-4007 (Burns 1973 Supp.).
2. That neither the probation department report nor the trial transcript (he presumably refers to the transcript of his guilty plea) were provided to the examining physicians as required by IC 35-11-3.1-6, Ind. Ann. Stat. § 9-4006 (Burns 1973 Supp.).
3. That a prior conviction for a sex offense was not adequately investigated by the probation department, and
4. That failure to grant him an evidentiary hearing prior to denial of his Criminal Sexual Deviant Petition violated his constitutional right to due process.

*894 I

LACK OF NOTICE TO COUNSEL AS TO TIME AND PLACE OF PSYCHIATRIC EXAMINATION DOES NOT VITIATE NEGATIVE DETERMINATION ON CRIMINAL SEXUAL DEVIANT PETITION ABSENT SHOWING OF PREJUDICE
At the outset we might note that Berwanger does not premise his "right to counsel" argument upon constitutional grounds. He does not do so quite advisedly, for there is no constitutional right to have counsel present at an examination by court appointed physicians to determine one's mental capacity or state of aberration. United States v. Bohle (1971 7th Cir.), 445 F.2d 54; United States v. Smith (1971 5th Cir.), 436 F.2d 787, cert. den., 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142; United States v. Albright (1968 4th Cir.), 388 F.2d 719; Caster v. United States (1963 5th Cir.), 319 F.2d 850, cert. den., 376 U.S. 953, 84 S.Ct. 972, 11 L.Ed.2d 973; People v. Breese (1966), 34 Ill.2d 61, 213 N.E.2d 500. Such psychiatric examinations have been held not to jeopardize the Fifth Amendment right against self-incrimination. Weaver v. State (1966), 247 Ind. 315, 215 N.E.2d 533; Noelke v. State (1938), 214 Ind. 427, 15 N.E.2d 950; United States v. Bohle, supra.
Quite to the contrary, it has been observed that the very presence of a third party in a legal capacity might well obstruct the efficiency and impartiality of such examination. They are not adversary in nature. They are conducted not by examiners selected by one of the combatants but rather by impartial evaluators acting as an advisory arm of the court, and the subjective nature of the examination requires an atmosphere which is conducive to freedom of expression on the part of the person being examined. United States v. Bohle, supra. Such freedom of expression does not occasion any threat of prejudice to a defendant giving rise to a right of counsel if the privilage against self-incrimination is adequately protected. United States. v. Albright, supra.
In any event the exclusionary rule of the statute with which we are here concerned, IC 35-11-3.1-9, Ind. Ann. Stat. § 9-4009 (Burns 1973 Supp.) protects the rights of the defendant. It prohibits the use of any such information contained in the reports of the examiners in any proceeding other than the Criminal Sexual Deviant proceeding itself, or in a civil commitment proceeding. Such prohibition would properly extend to the use of direct testimony by the examining physicians with respect to the contents of such reports.
Appellant's argument then necessarily rests upon the legislative provision itself (IC 35-11-3.1-7, Ind. Ann. Stat. § 9-4007 [Burns 1973 Supp.]), which states:
"The alleged criminal sexual deviant shall be entitled to counsel during his examination by the court appointed physicians."
The precise defect claimed in the proceedings here reviewed does not involve failure to advise Berwanger of the right of counsel for he was at all times pertinent represented by counsel of record. Nor does he assert that he was unaware of his right to have counsel attend the examination. He argues only that failure to give notice to his counsel of record of the time and place of the examination or examinations was contrary to the statutory provision and thus voiding the entire proceeding.
While as we have noted, the provision relative to presence of counsel is not implementive of any constitutional right and while the wisdom of such provision may be questioned, the legislature has therein enunciated what it conceives to be a salutary engraftment upon the Criminal Sexual Deviant procedure. Whatever may have been the policy prompting such legislative largesse, it is to be honored by the judiciary. Accordingly, it is well-advised *895 that all trial courts when embarking upon the Criminal Sexual Deviant procedures require and afford reasonable notice be given to counsel as to the time and place of the mental examinations, and in the event that at such time the defendant is without counsel, to advise such defendant as to his statutory right.
Be that as it may, the question before us is whether the failure of such notice in the instant case requires reversal of the conviction and imposition of sentence.
The true thrust of appellant's argument is that the statutory procedures were not followed and that therefore the action of the trial court in denying his Petition is nullified.
He cites and quotes from Johnson v. Tipton Community School Corp. (1970), 253 Ind. 460, 465, 255 N.E.2d 92, 94, as follows:
"However, in the view we take of this case there is no question of the trial court's abuse of discretion because the only issue properly presented on this appeal is the trial court's compliance with a statute. The trial court has no discretion to fail to comply with a statute and this Court's scope of review in that question is not limited in any way."
He further relies upon McNary v. State (1973 Ind. Ct. App.), 297 N.E.2d 853 in which a judgment was reversed because the trial court failed to order an examination of the defendant following his petition to elect drug abuse treatment as provided by statute.
McNary is not in point here. Had the trial court in this case refused to order a mental examination following Berwanger's Criminal Sexual Deviant Petition, the McNary holding would be applicable but as noted by Judge Sharp in speaking for the court there:
"Our mandate in this case is strictly limited to providing this described examination. This is in no sense a prejudgment of the discretionary options which are available to the Department of Mental Health and the trial court under the statutes which are a part of said examination and its aftermath. In his brief Appellant asserts correctly that the department of Mental Health is not required to accept Appellant for treatment ..." 297 N.E.2d 853, 855.
Berwanger was afforded the examination which McNary was denied. The latter opinion is of no benefit to appellant here.
The explicit language of the provision in question may be said to require only that defendant's counsel is not to be excluded from the examination. It does not in its specific terms provide that counsel's absence shall, without showing of some prejudicial effect, nullify the examination and any further proceedings had relative thereto.
The only logical rationale which can be assumed for appellant's argument is that had counsel been present at the examination, the examiners would in some manner have been made aware of some factor or factors which would have led them to conclude otherwise than they did. Appellant, however, points to no such factor, evidence or information. In no way does he attack the conclusions of the examination reports other than impliedly and then merely to disagree therewith. He has failed to demonstrate that absence of counsel from the examination in any way resulted in prejudice to him other than the rank speculation implicit in his argument that had counsel been present, the result somehow and for some unassigned reason would have been different. Thus, as in Schmerber v. California (1966), 384 U.S. 757, at 766, 86 S.Ct. 1826 at 1833, 16 L.Ed.2d 908, "no issue of counsel's ability to assist petitioner in respect of any rights he did possess is presented."
Indiana precedent confirms our holding in this regard. In Henderson v. State *896 (1954), 233 Ind. 598, 602-603, 122 N.E.2d 340, 342, the Court held:
"The appellant has not pointed out how he could conceivably have been harmed by the action of the trial court. The record demonstrates none and we know of none. Before the appellant would be entitled to a reversal it would be incumbent upon him to show affirmatively by the record that there was error prejudicial to his substantial rights. Pitts v. State (1939), 216 Ind. 168, 23 N.E.2d 673, 674; Hansbrough v. State (1950), 228 Ind. 688, 94 N.E.2d 534. Technical errors or defects which do not prejudice a defendant's rights will not work a reversal."
As we have heretofore observed, the provision in question does not mandate presence of counsel at a psychiatric examination. And as noted, its implementation is not essential to the protection of any constitutional right possessed by a defendant. Nor has appellant shown any prejudice resulting to him from the fact that his counsel was not present at the examination. The statutory provision is thus not mandatory in the context used in Johnson v. Tipton Community School Corp., supra, or in the sense appellant argues so as to nullify his conviction and sentence. See Allen County Department of Public Welfare v. Ball Memorial Hospital (1969) 253 Ind. 179, 252 N.E.2d 424.

II

PROBATION DEPARTMENT REPORT MET STATUTORY REQUIREMENTS AND FAILURE TO PROVIDE SUCH REPORT TO EXAMINING PHYSICIANS, THOUGH A TECHNICAL BREACH OF THE STATUTE, DOES NOT REQUIRE REVERSAL
Reasoning somewhat akin to that set forth in Part I hereof dictates our rejection of Contentions (2) and (3) as made by appellant. He seeks reversal upon grounds that the report of the probation department and the guilty plea transcript were not provided to the examining physicians prior to conducting the examination and further that the probation department did not adequately investigate a prior sex offense.
We have examined the probation department report and conclude that it well meets the requirement of IC 35-11-3.1-6, Ind. Ann. Stat. § 9-4006 (Burns 1973 Supp.). It contains adequate information with respect to the crime of which appellant was convicted as well as his prior record and history. The statute requires no more than this.
Appellant does not, as hereinbefore noted, attack with any specificity the conclusions reached by the examining physicians nor does he point to any matter contained in the probation department report as requiring such examiners to have reached a conclusion that he was a "probable criminal sexual deviant." The examination reports of the two physicians contained extensive reference to the sexual propensities of appellant and dealt specifically with his anti-social sexual responses and gratifications. Appellant does not convince us that the physicians' conclusions would have been any different had they been provided the guilty plea transcript or the probation department report. Accordingly, we hold that the technical breach of § 9-4006 is not cause for reversal.

III

APPELLANT NOT ENTITLED TO EVIDENTIARY HEARING ON CRIMINAL SEXUAL DEVIANT PETITION UPON DUE PROCESS OR EQUAL PROTECTION GROUNDS
The Criminal Sexual Deviant statute requires an evidentiary hearing only if two of the examining physicians conclude that the person examined is a probable criminal sexual deviant. IC 35-11-3.1-10, Ind. Ann. *897 Stat. § 9-4010 (Burns 1973 Supp.). Despite the fact that neither examing physician in this case reached such conclusion, appellant nevertheless claims entitlement to such a hearing upon due process grounds, even though his Criminal Sexual Deviant Petition requested only "that he be examined as a possible criminal sexual deviant" and did not request an evidentiary hearing upon such matter.

A. DUE PROCESS
The position taken by appellant is somewhat novel. He seeks constitutional protections which he argues inhere in the Criminal Sexual Deviant statute yet he was not committed pursuant to that statute. He takes the anomalous position that he should have been so committed.
The incarcerative sanctions of the Criminal Sexual Deviant statute were never brought to bear upon defendant. Hence failure to abide by the strict implications of the statute have not resulted in harm to defendant except negatively, i.e., he was sentenced and confined pursuant to the penal provision of the statute under which he was convicted and was not committed for treatment as a Criminal Sexual Deviant.
We know of no case, nor has appellant called any to our attention which holds that imposition of a criminal sentence instead of a commitment as a sexual psychopath or deviant violates due process. To the contrary, there is authority that it is within the court's discretion to impose the penal sanctions available. In Commonwealth v. Gomes (1969), 355 Mass. 479, 245 N.E.2d 429 at 433, the Massachusetts Supreme Court stated:
"A criminal sentence given subsequent to [a hearing to determine whether defendant is a sexually dangerous person] is not an adjudication that a person is not sexually dangerous. Such a determination establishes only that a criminal sentence was the better alternative at the time."
It thus appears that when such alternatives are available, defendant may not upon due process grounds validly complain that one such alternative is imposed in preference to another. See Gray v. State (1974 Ind. Ct. App.), 305 N.E.2d 886; Humphrey v. Cady (1972) 405 U.S. 504, 92 S.Ct. 1048 at 1052-1053, 31 L.Ed.2d 394. The Criminal Sexual Deviant procedures may not be utilized as of right so as to avoid punishment by one legally responsible for his acts. See Wilson v. State (1957), 236 Ind. 278, 139 N.E.2d 554.
The fact that defendant here has been sentenced and confined pursuant to a criminal penal statute rather than confined for treatment as a Criminal Sexual Deviant does not deprive him of the right to care and treatment if it be needed. See IC 11-1-1.1-62, Ind. Ann. Stat. § 13-2562 (Burns 1973 Supp.); IC XX-XX-X-X et seq., Ind. Ann. Stat. § 22-309 et seq. (Burns 1964); IC XX-XX-X-X, Ind. Ann. Stat. § 22-1209 (Burns 1973 Supp.). Even as an inmate of a prison, he is entitled to such rehabilitative medical and psychiatric care as is indicated. We do not see merit therefore to his argument that he should have been declared a sexual deviant in the sense that it would exclude incarceration under the criminal law of the state.

B. EQUAL PROTECTION
Berwanger makes no specific contention that denial of an evidentiary hearing upon his Petition is a violation of his constitutional right to equal protection of the laws. In light of various holdings by the United States Supreme Court, however, we deem it advisable to make comment upon the matter as implicit in appellant's contention.
The United States Supreme Court in Jackson v. State (1972), 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 reiterated the holding of Baxstrom v. Herold (1966), 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620 as followed by our Supreme Court in Wilson v. State (1972) Ind., 287 N.E.2d 875 to the effect that a State may not withhold from *898 a few the procedural protections or the substantive requirements for commitment that are available to others. It may well be, therefore, that one who seeks to take advantage of the rehabilitative and curative purposes of the Criminal Sexual Deviant statute is as much entitled to an evidentiary hearing to prove entitlement thereto as is one who seeks to escape an involuntary commitment for such purposes or as is one seeking a civil commitment upon his own volition. To be sure, with respect to the criminal sexual deviant petitioner, commitment or incarceration is inevitable in one form or another, while such inevitability is not present as to the subject of a civil commitment petition. See Part II(A) hereof concerning reviewability of alternative sanctions. The existence of such alternatives might well constitute a valid and rational classification which satisfies the equal protection requirement. Compare Jackson v. State, supra; Baxstrom v. Herold, supra; and Wilson v. State, supra.
Be that as it may, it is to be noted that the statutory civil commitment procedure does not preclude one rejected by medical staff experts for voluntary commitment from petitioning for such commitment through the agency of a reputable citizen in which case he is afforded an evidentiary hearing upon the matter. IC XX-XX-X-X to XX-XX-X-XX, Ind. Ann. Stat., §§ 22-1209 to 22-1217 inclusive (Burns 1973 Supp.). Such hearing is afforded notwithstanding the negative or positive nature of the recommendation or conclusions of the physicians appointed by the court to examine the person. An important prerequisite must be present, however. The Petition for civil commitment must be accompanied by the sworn statement of a qualified physician who has examined the individual. IC XX-XX-X-XX, Ind. Ann. Stat. § 22-1212 (Burns 1973 Supp.). The civil commitment procedure therefore contemplates a hearing only if some qualified physician by sworn statement sets forth the mental condition of the person who is the subject of the application. Thus had appellant's Petition to be declared a criminal sexual deviant been accompanied by a statement of a qualified physician placing appellant's mental condition and tendency to commit sex offenses in serious question, a different question might be before us. The fact remains, however, that the sole matter of record before us supportive of appellant's criminal sexual deviant status in his own unsupported Petition. Such naked allegation is insufficient to call into play the hearing procedures either of the Criminal Sexual Deviant statute itself or of the civil commitment statute as may be made applicable by the definitive decisions of the United States Supreme Court.
A decision by the Missouri Court of Appeals in Anderson v. State (1973 Mo. App.), 493 S.W.2d 681 is not chronologically dissimilar from the case before us though involving an insanity defense plea. Anderson was psychiatrically examined following his motion of intent to rely upon an insanity defense. One day prior to the filing of the psychiatric report however, Anderson pleaded guilty to the offense. Sentencing was deferred pending pre-sentence investigation and report. The psychiatric examination report stated that Anderson had no mental defect or disease and he was subsequently sentenced pursuant to the felony statute under which he had been convicted. On appeal, Anderson contended that he was entitled to an evidentiary hearing to determine his competency. The Missouri court held:
"Some of the difficulty with movant's position is he did not contest the report of the psychiatric opinion nor request an order for a private examination, although he had ample opportunity to do so between the time the report was filed on October 10, 1970, and sentence was imposed on November 2, 1970. A judicial competency hearing was not required in the absence of defendant's objection to the report or other circumstances which rendered the report substantially suspect [McCormick v. State, *899 463 S.W.2d 789, 790 (Mo. 1971)], and when the presentence psychiatric report did not indicate a state of mental disease or defect sufficient to exclude responsibility, the trial court was not required sua sponte to take any further action. United States v. Maret, 433 F.2d 1064, 1067 (8th Cir.1970), cert. denied 402 U.S. 989, 91 S.Ct. 1678, 29 L.Ed.2d 155; * * *" 493 S.W.2d at 684
See also State v. Johnson (1972), 31 Ohio St.2d 106, 285 N.E.2d 751.
Our receptivity to the Anderson holding of Missouri is prompted by the decision of our Supreme Court in Cook v. State (1972), Ind., 284 N.E.2d 81, 83 which dealt with an assertion of incompetency to stand trial but like the Anderson decision is nevertheless appropriate to the issue before us:
"However, in the case at bar there was no evidence whatsoever that the accused was incompetent. The mere fact that the accused himself requested a psychiatric examination constitutes no evidence of his mental condition. When his request was granted, psychiatrists were appointed and their report to the trial court was that appellant was competent to stand trial. Appellant cites Pate v. Robinson (1966), 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, for the proposition that he was entitled to a hearing on his sanity. We would point out, however, that in the Pate case the court held that there must be a hearing when the evidence raises a bona fide doubt as to the defendant's competency to stand trial. In the case at bar there was no such evidence. The only evidence before the trial court concerning appellant's competency to stand trial was that he was in fact competent. We therefore, hold the trial court did not err when it did not conduct a hearing on the matter."
See also Evans v. State (1973), Ind., 300 N.E.2d 882; Tinsley v. State (1973), Ind., 298 N.E.2d 429; Sims v. Lane (1969 7th Cir.), 411 F.2d 661, cert. den., 396 U.S. 943, 90 S.Ct. 378, 24 L.Ed.2d 244, a federal habeas corpus follow-up to Sims v. State (1965), 246 Ind. 660, 208 N.E.2d 469, cert. den., 384 U.S. 922, 86 S.Ct. 1374, 16 L.Ed.2d 442.
For the reasons stated, we hold that under the circumstances, there was no legal compulsion upon the trial court to afford Berwanger an evidentiary hearing upon his Petition to be declared a Sexual Deviant.
In the case before us, even had the two examining physicians reported that, in their estimation, Berwanger was a probable criminal sexual deviant and even if an evidentiary hearing had been conducted upon Berwanger's Petition, a denial of such Petition would not be reversed unless as a matter of law the trial court's determination was shown to be capricious, arbitrary or influenced by fraud. Stiles v. State (1973 Ind. Ct. App.), 298 N.E.2d 19. See Wolfe v. State (1966), 247 Ind. 540, 219 N.E.2d 807; Wilson v. State (1957), 236 Ind. 278, 139 N.E.2d 554, and State ex rel. Savery v. Marion Criminal Court (1955), 234 Ind. 632, 130 N.E.2d 128. Appellant's arguments do not approach, let alone carry, such burden.
Our Supreme Court very recently in James v. State (1974), Ind., 307 N.E.2d 59 reiterated the principle somewhat differently in quoting from United States v. Freeman (1966 2nd Cir.), 357 F.2d 606, 619 as follows:
"* * * At bottom, the determination whether a man is or is not held responsible for his conduct is not a medical but a legal, social or moral judgment. Ideally, psychiatrists  much like experts in other fields  should provide grist for the legal mill, should furnish the raw data upon which the legal judgment is based. It is the psychiatrist who informs as to the mental state of the accused  his characteristics, his potentialities, his capabilities. But once this information is disclosed, it is society as a whole, represented by judge or jury, which decides whether a man with the characteristics *900 described should or should not be held accountable for his acts. In so deciding, it cannot be presumed that juries will check their common sense at the courtroom door."
We affirm the judgment of the trial court.
BUCHANAN, J., concurs.
WHITE, J., concurs in result.