RANDALL BERWANGER *v.* STATE OF INDIANA.

[No. 974S179. Filed September 11, 1974.]

340

Palmer K. Ward, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, A. Frank Gleaves, III, Deputy Attorney General.

## ON PETITION TO TRANSFER

DeBruler, J.—This case is before the Court on a petition to transfer from the Court of Appeals, Second District. Berwanger v. State (1974), Ind. App., 307 N.E.2d 891. In the trial court, the appellant entered a plea of guilty to rape and then personally initiated a petition pursuant to the Criminal Sexual Deviant Act, IC 1971, 35-11-3.1-1, being Burns §§ 9-4001 through 9-4037. The procedures to be followed by the sentencing court when such a petition is filed, are set forth in the statute:

> Burns § 9-4004. "Upon the filing of such a petition, the court shall appoint not less than two nor more than three physicians to conduct a personal examination of the alleged sexual deviant."
>
> Burns § 9-4006. "Before examination by the appointed physicians, the court shall require its probation officer to investigate the circumstances surrounding the crime of which the alleged criminal sexual deviant was convicted, and the prior record and history of the person and to report to the court within a specified time. The court shall then transmit a copy of this report and a copy of the trial transcript along with the petition for examination to the examining physicians."
>
> Burns § 9-4007. "The alleged criminal sexual deviant shall be entitled to counsel during his examination by the court appointed physicians."
>
> Burns § 9-4008. "The physicians shall file with the court a written report of the results of their examination together with their conclusions. Such reports shall be open to inspection by the alleged criminal sexual deviant and his legal counsel."
>
> Burns § 9-4010. "If two of the examining physicians conclude in their report that the person examined is a probable criminal sexual deviant and the reports are found to be in

legal form, the court shall set a time for a hearing to determine the probability of sexual deviancy."

The record of proceedings show the following events occurred in the trial court:

On March 1, 1973, defendant appeared with counsel Foley and plead guilty to rape;

On March 1, 1973, the court ordered pre-commitment investigation and set sentencing for March 22, 1973;

On March 2, 1973, defendant filed his petition pursuant to Burns § 9-4003;

On March 2, 1973, the court appointed examining physicians pursuant to Burns § 9-4004;

On March 20, 1973, one doctor filed his report; and on March 21, 1973, the other doctor filed his report; and on March 21, the court set hearing on petition to determine sexual deviancy for March 22, 1973;

On March 22, 1973, appellant appeared with substitute counsel Mullins, and the court denied the petition without hearing and the court entered its sentence in accordance with the rape statute. No objection to the failure of the trial judge to follow statutory procedures was made by counsel Mullins;

On March 22, 1973, the Probation Department filed presentence report;

On April 5, 1973, counsel Foley filed a motion to correct errors alleging among other errors, (1) that the court appointed doctors examined appellant without counsel present and that counsel was absent from the examination because the trial court failed to give him notice of the dates and times of the examinations, and (2) that the report of the Probation Department had not been sent to the examining physicians prior to the examinations as required by Burns § 9-4006.

The State did not challenge the factual assertions of the motion to correct errors. On April 5, 1973, the trial court overruled the motion to correct errors.

The Court of Appeals, Second District, affirmed the denial of the petition by the trial court and in so doing held that the failure of the court to send a report of the Probation Department to the examining physicians was a mere technical breach of the statute and did not constitute a cause for reversal. It likewise held that appellant had failed to demonstrate any prejudice flowing to him from the absence of counsel from the examinations, and that therefore the failure of the trial court to give the notice which would have afforded counsel with the opportunity to appear at the examinations was not cause for reversal. We are not in accord with these conclusions.

In light of the statutory function performed by the diagnostic reports of the examining physicians in cases wherein the defendant initiates the proceeding, as here, as well as in cases wherein he is resisting the proceeding, the statutory schedule should be adhered to. These medical reports, when first received by the trial court do not perform merely as evidence or advice to the court at a future deviancy hearing. They are determinative of whether or not the trial court must hold a formal hearing in court to establish whether the defendant is probably a criminal sexual deviant. If one of the physicians concludes that the examinee is not a probable sexual deviant in a case in which only two physicians are appointed (or if two so conclude in a case in which three are appointed) the trial court is authorized to make a summary negative disposition of the petition. Burns § 9-4010. If two physicians agree that the examinee is a probable criminal sexual deviant, a formal hearing is mandatory. Burns § 9-4010. In recognition of the important function of these medical decisions the Legislature expressly provided that they should be the product of a personal examination. It also has provided that the ultimate decision of the medical examiner should be made with the trial transcript (if a trial was had) and a Probation Department report in hand. Burns § 9-4006. The Legislature took the further step of granting

the examinee the right to the presence of counsel at the examination. Burns § 9-4007. The requirement that the medical decision be made with trial transcript and Probation Department report obviously was intended to answer the need of the examining physician to be informed about the nature of the examinee's unlawful conduct as well as his background from a source other than the examinee. Such information would supplement that information gained in the personal interview. It could serve as a tool for comparison purposes. In granting the right to presence of counsel, the Legislature recognized the important interests of the examinee to be affected by the conclusions reached by the doctors.

It can only be concluded from the terms of the statute, when considered in conjunction with the public policy which these proceedings implement and the affected interests of both the State and the alleged sexual deviant, that the presence of the trial transcript and report of the Probation Department and the unfettered right to the presence of counsel are essential to a valid medical report. In the case before us the appellant was unable to exercise the right to the presence of counsel because counsel received no notice of the time and place of the examination. The examining physicians had no Probation Department report available for their use at the time they made their reports. Since the trial court order which summarily denied the petition was itself based upon invalid medical reports, it must be set aside and the case returned to the trial court with instructions to restart the procedures and to follow the steps required by the statute.

The State has presented the argument that the failure of counsel Mullins to object to these divergent procedures at the earliest possible moment at the trial level should serve to preclude consideration of this error on appeal. The error was first put in the motion to correct errors. However, the reports were not filed until a day or two prior to the deviancy hearing. That hearing

was set on the day before it was to take place. Under these circumstances there was no likelihood that if an objection had been made, the trial court could have taken some immediate action to correct the error. We do not agree with the State's contention.

In light of the disposition we make of this appeal we do not deem it necessary to treat appellant's constitutional claim or his claim that the report of the Probation Department was incomplete. *Hewitt* v. *State* (1908), 171 Ind. 283, 86 N.E. 63; *State* v. *Darlington* (1899), 153 Ind. 1, 53 N.E. 925.

The transfer is granted and the trial court is instructed to resentence appellant after compliance with the statutory procedures.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 315 N.E.2d 704.