TOMMY M. HICKS *v.* STATE OF INDIANA.

[No. 2-774A171. Filed April 29, 1975.]

*Stephen J. Cuthbert,* Tippecanoe Public Defender, of Lafayette, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

GARRARD, J.—On July 26, 1973, appellant Hicks was found guilty of first degree burglary and rape. He then petitioned for an examination as a criminal sexual deviant pursuant to IC 1971, 35-11-3.1, Ind. Ann. Stat. § 9-4001 *et seq.* (Burns 1974 Supp.).[1]

The sole error raised on this appeal asserts the court abused its discretion in not determining that Hicks is probably a criminal sexual deviant.

Upon the filing of the petition the court appointed two duly qualified psychiatrists to examine Hicks. Prior to conducting their examinations, they were furnished a copy of the trial transcript and a copy of the presentence investigation report. While it appears that Hicks' counsel was not present at the examinations, it also appears in the report of Dr. Evans that he was excluded at Hicks' request.

Dr. Evans filed his written report in which he concluded that Hicks had a possibly treatable psychiatric disorder coupled with a propensity to commit sexual offenses, and that he was a criminal sexual deviant.

The other psychiatrist, Dr. Van Der Bosch, agreed that Hicks had a sociopathic personality but found that he had

---

1. The 1974 amendment excluding from this program one convicted of rape by force, violence or coercion was not in effect during these proceedings.

no compulsion or mental disorder which tended to result in sexual behavior and concluded that he was not a criminal sexual deviant.

The court then conducted a hearing. At the hearing both psychiatrists testified in conformity to their prior reports. No other witnesses were offered.

On the basis of this evidence, the court ruled that Hicks was not probably a criminal sexual deviant and ordered that his sentence be executed.

Hicks argues that the trial court abused its discretion in this ruling because one of the psychiatrists concluded that Hicks was a criminal sexual deviant.

That argument has already been answered. In *Stiles* v. *State* (1973), 156 Ind. App. 682, 298 N.E.2d 19, *trf. den.*, the court considered our criminal sexual deviancy statute and the discretion vested in the trial court in its application and adopted the standard announced in *State ex rel. Savery* v. *Marion Cr. Ct.* (1955), 234 Ind. 632, 130 N.E.2d 128, that exercise of the court's discretion is not subject to appellate review unless it is arbitrary, capricious or influenced by fraud. See, also, *Berwanger* v. *State* (1974), Ind. App., 307 N.E.2d 891 (Rev'd other grounds, 262 Ind. 339, 315 N.E.2d 704.)

IC 1971, 35-11-3.1-10, Ind. Ann. Stat. § 9-4010 (Burns 1974 Supp.) provides:

"If *two* [2] of the examining physicians conclude in their report that the person examined is a probable criminal sexual deviant and the reports are found to be in legal form, the court shall set a time for a hearing to determine the probability of sexual deviancy." (emphasis supplied)

As stated by Justice DeBruler in the opinion granting transfer in *Berwanger, supra:*

"If one of the [examining] physicians concludes that the examinee is not a probable sexual deviant in a case in which only two physicians are appointed (or if two so conclude in a case in which three are appointed) the trial

court is authorized to make a summary negative disposition of the petition." 262 Ind. 339, 315 N.E.2d 706.

Here the trial court granted Hicks a hearing anyway. However, when each physician adhered to his prior opinion at the hearing, and no additional evidence was offered regarding the alleged deviancy, it cannot be said that the court's action and determination was arbitrary, capricious or influenced by fraud.

The decision is therefore affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 326 N.E.2d 597.