CARL E. HIGHTOWER *v*. STATE OF INDIANA.

[No. 1-275A39.  Filed February 25, 1976.  Rehearing denied April 5, 1976.  Transfer denied June 22, 1976.]

Forrest Bowman, Jr., Bowman & Kammen, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Walter F. Lockhart, Deputy Attorney General, for appellee.

LOWDERMILK, J.—Carl E. Hightower (Defendant) was charged in Cause No. 8716 with the offense of rape, and count 2, assault and battery with intent to gratify sexual desires. The victim in Count 1 was 11 years of age and in Count 2 she was 15 years of age. Defendant was also charged in Cause No. 8717 with the crime of rape upon a female child age 15 years. The causes were consolidated for trial by agreement and tried to a jury. Defendant was acquitted as to Counts 1 and 2 in Cause No. 8716 and convicted in 8717 of the crime of rape.

Defendant was sentenced to the Indiana State Prison for a term of two to twenty-one years and the court found his age to be 66 years.

This judgment was affirmed by our Supreme Court and later a petition for a Writ of Certiorari was denied by the United States Supreme Court on February 19, 1974.

On March 4, 1974, Defendant filed in the trial court his petition for Criminal Sexual Deviant Examination under IC 1971, 35-11-3.1-1, et seq. (Burns Code Ed.).

This petition was granted and the court ordered an investigation by the Probation Department and an examination of Defendant by Dr. David Crane, a psychiatrist, and Dr. Rodger Buck, a general practitioner.

The record discloses that Defendant was examined as ordered. Dr. Buck filed his report showing Defendant was a severely disabled person with many physical problems. He did not know if Defendant was physically capable of committing the alleged rape two years earlier, and he did not feel he was qualified to determine if Defendant is a sexual deviant.

Dr. Crane filed his report which disclosed Defendant was somewhat paranoid in his thinking; that Defendant denied being able to have sexual intercourse for the past ten years; that Defendant's judgment at the time of interview was unimpaired and his intellectual functions appeared to be generally within normal limits.

Dr. Crane thought Defendant did not suffer from a mental disorder or defect coupled with the manifest tendency for the commission of sexual offenses. He concluded that Defendant did not come within the category of "criminal sexual deviant" as defined by the law. In Dr. Crane's opinion, Defendant should be excluded from this diagnostic category because Defendant did not have a "manifest tendency for the commission of sexual offenses."

After studying the reports the court set a hearing for July 22, 1974, on the matter of imposing sentence. On said July 22, 1974, the hearing was had and at that time Defendant filed his motion for re-examination and objections to the imposing of sentence. In this motion Defendant asked that Dr. Crane answer further questions; that two additional physicians be appointed to examine Defendant as was done in the original examinations; that at least one of the two new physicians have special knowledge and training in mental disorders, and in the alternative to set a time for hearing to determine the probability of sexual deviancy pursuant to § 9-4010 of Burns Ind. Statutes (now IC 1971, 35-11-3.1-10.)

This motion was set for hearing on August 26, 1974. At that hearing there was evidence that Defendant had fondled many young girls from age 8 to age 15 and would not permit them to leave his lap when they requested. Defendant called as his own witness Dr. Edward Strain, a clinical psychologist in private practice. Dr. Strain had seen Defendant at his office twice and testified that the actual question of sexual deviancy is largely a question of fact properly determinable by past behavior. Dr. Strain was not fully licensed to practice medicine in Indiana.

Following this hearing the court overruled the request that sentencing be deferred and on October 8, 1974, entered an order concerning the imposition of sentence, which stated in part as follows:

". . . The Court . . . now finds that:

"1. Carl E. Hightower, Defendant, is not eligible for further proceedings under the criminal sexual deviancy as specified in Indiana Code (1971) 35-11-3.1-10;

"2. That there is no concurrence of two of the examining physicians concluding in their report, the defendant examined is a probable criminal sexual deviant;

"3. That the medical examinations heretofore submitted by Drs. David G. Crane, J.D., M.D., and R. L. Buck, M.D., do not give sufficient grounds for this court to hold probable cause hearings to determine the degree of affliction of the defendant under the criminal sexual deviancy act;

"4. That the testimony of Dr. Edward Strain, on behalf of defendant, is not sufficient to present probable cause for the continued hearings under this act and that Dr. Edward Strain, does not possess a license to practice medicine in the State of Indiana;

"5. That there are no controverted facts in issue to give rise to the necessity for hearing this matter under probable cause petitions to determine criminal sexual deviancy."

A motion to correct errors was timely filed, overruled and on December 20, 1974, Defendant filed his praecipe.

DISCUSSION:

IC 1971, 35-11-3.1-1 (Burns Code Ed.) defines a criminal sexual deviant as follows:

"(a) That term 'criminal sexual deviant' means any person over the age of sixteen [16] years who has been convicted of a sexual offense or an offense which directly involved the commission of an illegal sexual act, and who is suffering from a mental disorder or defect which is coupled with a manifest tendency for the commission of sexual offenses, and has been determined to be treatable by the department of mental health;"

Section 35-11-3.1-4 provides for the appointment of not less than two nor more than three physicians to conduct a personal examination of the accused. Section 35-11-3.1-5 provides each physician appointed shall hold an unlimited license to practice medicine in Indiana and if two are appointed one shall have special training in the field of mental disorders.

The court's appointment of the two physicians complied with the statute. Each physician made his separate examination of Defendant and reported his findings in a written report to the court. Dr. Buck concluded his report stating he was not qualified to determine if Defendant was a criminal sexual deviant.

Dr. Crane, in discussing Defendant's mental condition, determined Defendant was not a criminal sexual deviant within the meaning of the statute for the reason that, in Dr. Crane's opinion, Defendant did not have a "manifest tendency for the commission of sexual offenses."

Dr. Strain testified at the August 26, 1974, hearing that defendant did have a mental disorder or defect but that a specialist in the field of mental disorders cannot properly determine whether or not one has a manifest tendency to commit sexual offenses. Defendant urges a determination is primarily factual and should be based on evidence of the alleged deviant's past behavior.

Dr. Strain further testified that he was not prepared to say that Defendant had manifest tendencies for the commission of sexual offenses.

To state it succinctly, the trial court appointed two physicians with an unlimited license to practice medicine in Indiana, with one having the knowledge of and training in the field of mental disorders and did thereby comply with his statutory duty. The medical examiners were furnished with a copy of the trial transcript and report of the Probation Department and there was an unfettered

right to the presence of counsel, all of which was done before the examinations and before the medical reports of the respective doctors were furnished to the court. In *Berwanger* v. *State* (1974), 262 Ind. 339, 315 N.E.2d 704, 706, the court said:

> ". . . If one of the physicians concludes that the examinee is not a probable sexual deviant in a case in which only two physicians are appointed (or if two so conclude in a case in which three are appointed) the trial court is authorized to make a summary negative disposition of the petition. Burns § 9-4010. . . ."

In the case of *Wolfe* v. *State* (1966), 247 Ind. 540, 543, 544, 219 N.E.2d 807, our Supreme Court, in passing on the criminal sexual psychopath statutes (Burns 1956 Replacement (Cumulative Supplement) § 9-3401, *et seq.*) stated:

> "The statute itself leaves the final determination at all stages of the proceedings to the trial court. Under the statute even if the final report from the Department of Mental Health concludes that a person is a criminal sexual psychopath, *the court still finally determines this issue.* Hence regardless of the testimony of the psychiatrists, it would not be binding on the trial court.
>
> "This court has previously held that the trial court has unrestricted discretion in the application of this statute and that the action of the trial court will not be reviewed. *State ex rel. Savery etc.* v. *Marion Criminal Court, etc.* (1955), 234 Ind. 632, 130 N.E.2d 128." (Our emphasis.)

Inasmuch as it was wholly within the trial court's discretion and power to discontinue further hearings on the matter of Defendant's criminal sexual deviancy and as there was sufficient evidence upon which he could correctly rule as he did, we find there was no error or abuse of discretion in the trial court's refusal to hold a probable cause hearing.

Defendant next contends the court erred in not appointing another examining physician and urges that the report of Dr. Buck to the court is invalid for the reason it concluded

"I do not feel qualified to determine if he (the defendant) is a sexual deviant."

Defendant relies on the *Berwanger* case, *supra,* in which the physician did not possess the Probation Department report, and counsel for defendant was not notified of the examination and was not present. The trial court in *Berwanger,, supra,* did not comply with the statute and the cause was remanded with instructions to the trial court to resentence appellant after compliance with statutory requirements.

In the case at bar the court complied with all requirements of the statute and Defendant cannot now be heard to complain.

Defendant's final specification of error is that the statute is unconstitutional.

Defendant urges that Section 35-11-3.1-1 through 37 is constitutionally defective as applied to the case at bar, since it contravenes the due process clause of the Fourteenth Amendment of the United States Constitution and Article VII, § 1 of the Indiana Constitution. He relies on the warnings given in *Hill* v. *State* (1969), 252 Ind. 601, 251 N.E.2d 428, 437, wherein the court stated, "Extreme care must be taken at this point to guarantee that the psychiatrists do not usurp the function of the jury," and charges that such occurred in the case at bar.

With this we cannot agree. The court at all times had complete control of the case and under the statute the final determination is left to the trial court. See *Wolfe* v. *State, supra.*

Cases under the former criminal sexual psychopathic statutes are consistent in their holdings that at all stages of the proceedings the final determinations are left to the trial court. *Wolfe* v. *State, supra; Berwanger* v. *State* (1974), Ind. App., 307 N.E.2d 891; *Berwanger* v. *State* (1974), 262 Ind. 339, 315 N.E.2d 704. See also *Hicks* v. *State* (1975), 164 Ind. App. 31, 326 N.E.2d 597. This court as well as the Supreme

Court has held that whether a man is or is not held responsible for his conduct is not a medical but a legal, social, or moral judgment. Once the information is disclosed by a physician, it is society, represented by a judge or jury, who decides the question. *Berwanger, supra; James* v. *State* (1974), 261 Ind. 495, 307 N.E.2d 59, 61. Case law concerning prior criminal sexual psycopathic law is still controlling under the current law.

In the case at bar the judge made an independent finding under the statute on the evidence before him and the medical reports did not usurp this function.

Defendant finally urges that the statute violates the Eighth Amendment and the due process and equal protection clauses of the Fourteenth Amendment, in that it is so discretionary in its application as to be arbitrary and capricious. He further claims that the arbitrary determination that a particular defendant may or may not be afforded the opportunity for treatment as a sexual deviant is a violation of his constitutional rights.

Defendant has no standing to complain that these statutes are subject to an arbitrary and capricious application in an unconstitutional manner, since they were not so applied in his case. Defendant must first qualify under the statute before he can claim that he has arbitrarily been denied its benefits. Here, defendant failed to show that he qualified for the election, inasmuch as he failed to show that he was a criminal sexual deviant as defined by the statute. Such a factual finding must be made by the trial court before defendant is eligible to elect treatment. Where the trial court has made just the opposite factual findings, and the evidence supports the trial court, in this regard we are bound by its decision. The trial court was not actually exercising its discretion in this case, but rather fulfilling its function as a finder of fact. We will not disturb such a finding on appeal.

202

Further, Indiana case law classifies proceedings under the criminal sexual deviant statute as civil in nature (thereby terminating the defendant's right to confrontation), even though they originated as the result of a prior criminal proceeding. *State ex rel. Savery* v. *Criminal Court of Marion County* (1955), 234 Ind. 632, 130 N.E.2d 128.

Defendant had the right to confront witnesses at the hearing given to him on his motion for the appointment of additional physicians. He did not subpoena either of the court appointed physicians for that hearing and his failure so to do amounts to a waiver of his right to now argue he was deprived of his right to cross examine said physicians.

We can find no way in which Defendant was harmed.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 343 N.E.2d 300.